IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EDWARD C. GRAVES,**

    **Plaintiff,**

v.

**JO ANNE B. BARNHART,
Commissioner of the Social
Security Administration,**

    **Defendant.**     Case No. 04-cv-311-DRH

**MEMORANDUM & ORDER**

**HERNDON, District Judge:**

### I. INTRODUCTION

Plaintiff has filed a Motion for Award of Attorney Fees under the Equal Access to Justice Act, **28 U.S.C. § 2412(d)** (Doc. 28). Plaintiff's Motion is unopposed by Defendant (the "Commissioner"), Plaintiff seeks attorneys' fees in the amount of **$4,602.00**, representing 31.2 attorney hours at an hourly rate of $147.50, Plaintiff has attached an itemized Prevail timekeeping spreadsheet to his Motion as Exhibit A, which includes billing descriptions.

The Equal Access to Justice Act ("EAJA") "mandates an award of attorney's fees to a 'prevailing party' in a civil action against the United States where the government's position was not 'substantially justified,' no 'special circumstances' make an award unjust, and the fee application is submitted to the court within 30

days of final judgment." ***Koschnitzke v. Barnhart*, 293 F. Supp. 2d 943, 946 (E.D. Wis. 2003)(citing 28 U.S.C. § 2412(d)(1) and *United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000))**.

The Court affirmed the Report & Recommended issued by the Magistrate Judge in this matter, which recommended the case be reversed and remanded back to the Commissioner for further proceedings and a new decision. The Commissioner had initially denied Plaintiff's application for disability benefits. However, upon review, the Court found that the Commissioner had failed to articulate specific reasons for accepting or rejecting certain medical evidence and also failed to properly propose a hypothetical to the vocational expert which includes all of Plaintiff's limitations supported by the record, in order to reach a well-supported determination of Plaintiff's disability status (*see* Doc. 25).

Within the thirty day time frame after the Court's judgment in this case became final, Plaintiff properly filed his Motion for Attorneys' Fees. As stated previously, the Commissioner did not oppose Plaintiff's Motion.

## II.  DISCUSSION

In requesting attorneys' fees, Plaintiff must show that he was the "prevailing party" and that the Commissioner's position in denying him disability benefits was not "substantially justified." **28 U.S.C. § 2412(d**.**)**  Plaintiff is considered a prevailing party because the Court reversed and remanded the Commissioner's findings

pursuant to **42 U.S.C. § 405(g)**.[1]  *See Uphill v. Barnhart*, **271 F. Supp. 2d 1086, 1090 (E.D. Wis. 2003)(citing *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993)(Noting that a remand under sentence four of § 405(g) gives a plaintiff "prevailing party" status)**.

The Court recognizes that just because it reversed and remanded this case does not automatically create a presumption in favor of awarding Plaintiff's attorneys' fees.  ***See, e.g., Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)**.  However, the burden of proof rests with the Commissioner to show that the government was substantially justified in denying Plaintiff's application for benefits, including that its decision was "reasonabl[y] [based] in both law and fact." ***Koschnitzke*, 293 F. Supp. 2d at 946-47 (citing *Cummings v. Sullivan*, 950 F.2d 492, 495 (7th Cir. 1991); *Pierce v. Underwood*, 487 U.S. 552, 565 (1988))**.

In this instance, the Commissioner has not met its burden of showing its position was substantially justified in order to negate an award of Plaintiff's attorneys fees under the EAJA.  Plaintiff correctly asserts, in his Motion, that the Commissioner was not substantially justified in its denial of Plaintiff's application for disability benefits, based upon the findings of the Court in reversing and remanding the matter.  The Court thereby finds that the Commissioner was not

---

[1] Sentence four of **42 U.S.C. § 405(g)** reads as follows: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

"substantially justified," because of the Court's previous findings regarding this matter and also because the Commissioner has not shown otherwise. *See, e.g.,* ***Uphill*, 271 F. Supp. 2d at 1090 n.4 (finding that because the Commissioner had the burden of proof but failed to give argument to show he was justified in denying the plaintiff's application for benefits, the plaintiff therefore met the threshold required under 28 U.S.C. § 2412(d) to demonstrate the Commissioner was not "substantially justified")**.

Now that the Court has determined Plaintiff is entitled to attorneys' fees, it must now examine whether the fees sought are reasonable in time and rate. Viewing Plaintiff's Exhibit A, showing an itemization of the hours charged to this matter by Plaintiff's attorney, the Court fees that the time spent on this case, 31.2 total hours, is reasonable, given that the case was over a year in duration and there were briefings to prepare and review, research to conduct and client meetings to attend, among other things. The rate Plaintiff's attorney charged per hour was $147.50. Therefore, Plaintiff seeks a total award for attorneys' fees in the amount of **$4,602.00** (Doc. 28, p. 5).

The EAJA states, "fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living justifies a higher fee." **28 U.S.C. § 2412(d)(2)(A)**. Although Plaintiff, in his Motion, has not shown why his rate should exceed that of $125 per hour, the Commissioner has not objected to this rate as unreasonable. Given that the EAJA was enacted in March,

1996, and in applying the Bureau of Labor's consumer price index ("CPI") for the cost of living increases for the year 2004 and later part of 2005,[2] the Court finds this rate to be reasonable.[3]

### III. CONCLUSION

Plaintiff's Motion for Award of Attorneys' Fees (Doc. 28) is thereby **GRANTED** pursuant to the EAJA. Plaintiff is the prevailing party and the Commissioner was not substantially justified in its position. Plaintiff's attorneys' fees are reasonable in time and hourly rate. Accordingly, Plaintiff is awarded the sum of **$ 4,602.00**. The Clerk of the Court shall make this award payable to Michael C. Blanton, Plaintiff's attorney.

**IT IS SO ORDERED.**

Signed this 26th day of June, 2006.

/s/        David  RHerndon
**United States District Court**

---

[2] Plaintiff's Exhibit A indicates that the billed time was for the approximately the entire duration of 2004 (April 2004 through December 2004) and the later half of 2005 (August 2005 through December 2005) (*see* Doc. 28, Ex. A).

[3] Applying the Bureau of Labor Statistics "all items" Consumer Price Index for urban consumers ("CPI-U"), the Court will calculate the cost of living increase from March, 1996, when the maximum rate of $125 was set under the EAJA, to the applicable average rate for 2004 and the second half of 2005. In so doing, the Court finds that the 2004 reasonable rate would be (188.9/155.7 x 125) equal to roughly **$151.65** and the reasonable rate for the second half of 2005 would be (197.4/155.7 x 125) equal to roughly **$158.48**. *See, e.g., Prak v. Charter*, 908 F. Supp. 555, 557 (N.D. Ill. 1995)(citing *Marcus v. Shalala*, 17 F.3d 1033, 1040 (7th Cir. 1994)); *Uphill*, 271 F. Supp. 2d at 1096-97;
    Go to **ftp://ftp.bls.gov/pub/special.requests/cpi/cpiai.txt** to access the CPI-U from the website for the U.S. Department of Labor, Bureau of Labor Statistics.